**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

———————————

No. 00-10741
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARTURO FUERTE,

Defendant-

Appellant.

--------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-19-1-H
--------------------------------------------------------
April 10, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Arturo Fuerte appeals from his conditional guilty-plea conviction for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). Fuerte argues that the district court erred in denying his suppress his postarrest statements because his arrest was not supported by probable cause. We have reviewed the record and the briefs of the parties, and we ascertain no reversible error.

Law enforcement officers observed Fuerte exit the apartment where the methamphetamine was found in a subsequent search of the apartment. Because the law enforcement officers had observed Fuerte exit this apartment and because a prior traffic stop that day revealed to the officers that Fuerte's drivers license listed the apartment as his residence, probable cause existed for Fuerte's

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arrest.  It was reasonable for officers to conclude that Fuerte had committed or was committing an offense.  <u>See</u> <u>United States v. Wadley</u>, 59 F.3d 510, 512 (5th Cir. 1995).  Because probable cause supported Fuerte's arrest, his assertion that his postarrest statements should be suppressed based on a lack of probable cause is without merit.

AFFIRMED.